CITY OF EUREKA, a municipal corporation, Plaintiff-Respondent,

v.

C. Delbert HUNTER and M. Marie Hunter, Defendants-Appellants.

No. 33709.

St. Louis Court of Appeals, Missouri.

Feb. 23, 1971.

Robert A. Cedarburg, St. Louis, for defendants-appellants.

Henderson, Heagney & Snyder, Robert O. Snyder, St. Louis, for plaintiff-respondent.

WEIER, Commissioner.

Plaintiff-city filed suit against defendant-owners of property on a special tax bill issued for the cost of a sidewalk constructed by the city along the front of the property. Suit was commenced by the filing of a petition in the magistrate court. To this defendants filed answer, denying the allegations of the petition. Plaintiff then filed an amended petition, setting out in more detail the passage of ordinances by the city and the issuance of a special tax bill, copy of which was attached. To this defendants filed no responsive pleading nor does the record indicate the refiling of the previous answer.

On appeal from the magistrate court, the case was retried in the circuit court and judgment entered in favor of plaintiff and against defendants. Defendants appeal, contending that the court erred in rendering the judgment because plaintiff did not produce sufficient evidence to show that it complied with the statutes.

Proceedings for the construction of the sidewalk were initiated by the passage of an ordinance under Sec. 88.880, RSMo 1959, V.A.M.S.[1] Under the terms of this section the city council is authorized to provide for the building, rebuilding or re-

1. All section numbers hereafter cited refer to statutes in Revised Statutes of Missouri, 1959 V.A.M.S.

construction of sidewalks. Advertisement for bids is required, but if the bids are rejected, or if there are no bids, then the council may, by ordinance, order the city engineer to construct the sidewalk according to his specifications. The cost may not, in such event, exceed the engineer's estimate and he is required to keep an accurate account of the cost. At the completion of the work the city is directed to levy the cost as a special assessment against the parcel of ground along which the sidewalk is constructed, in the manner provided in Sec. 88.890. This last section directs the levy of a special assessment by an ordinance of the city, "in which ordinance shall be set out separately the number and title of the ordinance under authority of which the work will be done, a separate description of each lot, tract or parcel of ground assessed, the name of the owner thereof, the number of front feet therein abutting on said improvement, the separate items of cost of said improvement and the total amount thereof; * * *."

Section 88.893 details the requirements as to content of the tax bill issued. Here, again, the name of the owner of record, a description of the land, the number of front feet abutting the improvement, the number of the improvement ordinance and the number of the assessment ordinance under which the tax bill is issued must be set out. In addition, the section requires that "the different items of improvement and total cost thereof" shall be stated.

Tax bills issued under the foregoing sections are declared prima facie evidence under Sec. 88.903 of the regularity of the proceedings, of the validity of the bill, of the doing of the work, and of the furnishing of the materials charged for, and of the liability of the property.

In the trial of the case the special tax bill against the defendants and their property, of which a copy had been attached to and made a part of the amended petition by reference, was identified by the city clerk and admitted into evidence. It described the owners, who are the defendants, by name. A description of the land fronting on the sidewalk was set out in full. The numbers of the ordinances under which the bill was authorized were stated. The cost of construction of the sidewalk, without itemization of cost, was given at $360.00.

We are asked to reverse because the city failed to produce sufficient evidence to show that it complied with the above sections. In that portion of the brief devoted to argument, defendants indicate that their main concern as to insufficiency is directed to the failure of the evidence to show an accurate account of the cost of the separate items of the improvement. Although the record before us indicates substantial compliance with the procedures outlined above, it fails to show any itemization of the materials and labor and the cost of these items that were used and expended in the construction of the sidewalk. This is something that the taxpayer has a right to know and we see no reason why the city council, with the assistance of the city engineer who was directed to do the work, could not have set forth this information in some detail in the ordinance which levied the assessment under Sec. 88.-890. But in our review of the evidence we are governed by Sec. 88.903, which declares the tax bill prima facie evidence of the regularity of the proceedings, the validity of the bill, the doing of the work and of the furnishing of materials charged for. Sec. 88.893, which details the requirements as to contents of the tax bill, does not require itemization of cost, but merely requires that it shall state "the different *items* of *improvement* and total cost thereof." (Our emphasis). This was done, in that the instant tax bill was issued for the "construction of walks" at a total cost of $360.00. As authorized by Sec. 88.913, a defendant is entitled to plead and prove in reduction of any tax bill any mistake or error in the amount of the bill or even that the work was not done in a good and workmanlike manner. But defendants did not affirmatively attack the tax bill in ei-

**520**

ther their pleading or their proof. At no time did they raise the issue of an excessive charge for the materials and labor.

 When the tax bill was received in evidence it made a prima facie case for plaintiff. It was prima facie valid. The burden was then on defendants to establish the invalidity of the bill. City of Rolla, to Use of Schulz v. Studley, Mo.App., 120 S. W.2d 185, 188 [4]. In the trial, defendants did not adduce evidence to establish that the charge for the sidewalk was improper, excessive or exorbitant. No attempt was made to prove that the charge should be reduced. Defendants failed to carry their burden.

Although municipal governments are obliged to follow statutes which set down the procedures for them to follow in the exercise of powers granted to them by the state, reasonable and substantial compliance is all that the law requires to enforce a special tax bill for improvement to public streets or ways abutting private property. Coatsworth Lumber Co. v. Owen, 186 Mo.App. 543, 172 S.W. 436, 440 [7]; City of Glendale ex rel., etc., Keyes v. Armstrong, Mo.App., 17 S.W.2d 604, 607 [7]. Here the city council substantially complied with the statutes and their ordinances culminated in the building of a sidewalk and the issuance of the special tax bill. The tax bill, under the requirements of the sections referred to above, was sufficient evidence to support the judgment of the court.

Defendants had an opportunity while the case was pending and during the trial to prove they were being wronged by the plaintiff in the construction of the sidewalk. As was once said: "No doubt there are street improvements wronging the abutting property owner, * * *. It is the business of courts to right those wrongs when shown to exist. It is not their business to assume they are likely to exist or to indulge in any frosty presumption that either party to such controversy has a predilection or predisposition to per-

petuate such wrongs." Judge Lamm in Gist v. Rackliffe-Gibson Construction Co., 224 Mo. 369, 123 S.W. 921, 924. The defendants here have not come forth with evidence that they were wronged. Judgment is affirmed.

PER CURIAM:

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, judgment is affirmed.

BRADY, P. J., and DOWD and WOLFE, JJ., concur.